```
          IN THE UNITED STATES DISTRICT COURT
       FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

**DUJUAN VINCENT THOMAS,**

    **Petitioner,**

**v.**　　　　　　　　　　**//**　　　**CIVIL ACTION NO. 1:14CV43**
　　　　　　　　　　　　　　　　　**CRIMINAL ACTION NO. 1:11CR93**
　　　　　　　　　　　　　　　　　　　　**(Judge Keeley)**

**UNITED STATES OF AMERICA,**

    **Respondent.**

### ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 13]

On March 12, 2014, the pro se petitioner, Dujuan Vincent Thomas ("Thomas"), filed a motion to vacate pursuant to 28 U.S.C. §§ 2255, which the Court referred to United States Magistrate Judge James E. Seibert for initial screening and a Report and Recommendation ("R&R") in accordance with LR PL P 2.

On August 10, 2015, Magistrate Judge Seibert issued a R&R, in which he recommended that the Court dismiss Thomas' petition as within his appellate waiver (Dkt. No. 13 at 10). He also concluded that Thomas' ineffective assistance of counsel claim lacked merit because counsel had concluded correctly that Thomas was a career offender. Id. at 17.

The R&R also specifically warned Thomas that his failure to object to the recommendation would result in the waiver of any appellate rights he might otherwise have on this issue. Id. at 17. The parties did not file any objections.[1] Consequently, finding no

---

[1] The failure to object to the Report and Recommendation not only waives the appellate rights in this matter, but also relieves the

clear error, the Court **ADOPTS** the Report and Recommendation in its entirety (Dkt. No. 13), **DENIES** the motion to vacate (Dkt. No. 1), and **ORDERS** that this case be **DISMISSED WITH PREJUDICE** and stricken from the Court's active docket.

It is so **ORDERED.**

Pursuant to Fed. R. Civ. P. 58, the Court directs the Clerk of Court to enter a separate judgment order and to transmit copies of both orders to counsel of record and to the pro se petitioner, certified mail, return receipt requested.

Dated: October 15, 2015.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE

---

Court of any obligation to conduct a de novo review of the issue presented. See Thomas v. Arn, 474 U.S. 140, 148-153 (1985); Wells v. Shriners Hosp., 109 F.3d 198, 199-200 (4th Cir. 1997).